**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ERIC WADE and YVETTE TOY**                                                   **PLAINTIFFS**

**v.**                                                                                                      **No. 4:24-cv-00022-MPM-DAS**

**GREENVILLE POLICE DEPARTMENT**                                     **DEFENDANT**

**ORDER**

The cause comes before the Court on Plaintiffs Eric Wade and Yvette Toy's Motion for Reconsideration [24]. The Government opposes Plaintiffs' motion [26]. This Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

**RELEVANT BACKGROUND**

On May 2, 2023, Mr. Wade and Mrs. Toy filed a lawsuit against the Greenville Police Department ("GPD") in the County Court of Washington County, Mississippi following an incident which occurred on September 14, 2022. The GPD removed the case to the United States District Court for the Northern District of Mississippi, where it was remanded to the Circuit Court of Washington County, Mississippi for lack of subject matter jurisdiction on October 31, 2023.[1] On February 27, 2024, Mr. Wade and Mrs. Toy initiated the instant case in this Court, seeking recovery against the GPD under both state and federal law. On October 18, 2024, this Court dismissed the case pursuant to the GPD's Motion to Dismiss. In its Opinion, the Court concluded that (1) Plaintiffs failed to establish any constitutional violations and (2) that any state claims were barred by the Mississippi Tort Claims Act.

---

[1] *See* Case 4:23-cv-00111-MPM-JMV, Doc. 1, 14.

1

On November 4, 2024, Mr. Wade and Mrs. Toy filed a motion for reconsideration claiming the Court "left out some important information" when dismissing their case. Plaintiffs accuse the Court of neglecting to read the police report and of ultimately defrauding them. On November 26, 2024, Plaintiffs filed a letter with the Court stating they have already won this case twice in County Court; that they still want to file charges, get an order of protection, and receive their $2.5 million; and that Chief Turner is responsible for their attack and has refused to investigate their case. On February 5, 2025, Plaintiffs filed another letter asking whether Mrs. Toy can file charges against her "attacker" because that is her "constitutional right." The letter further demands to know when Mr. Wade and Mrs. Toy will "receive [their] money."

## LEGAL STANDARD

As Plaintiffs' instant motion was filed within twenty-eight (28) days from the entry of the order at issue, the Court construes the motion as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. An order granting relief under Rule 59(e) is only appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## DISCUSSION

The Plaintiffs have neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). Instead, Plaintiffs repeat the same allegations from their Complaint and request the same relief – "our $2.5 million dollars, our restraining order, and being able to press charges." Although already addressed, the Court will revisit the Plaintiffs' grievances.

Plaintiffs argue the Court "left out some important information" when dismissing this case. First, Plaintiffs claim the Court failed to address the fact that "Eric Wade was forced on the ground with tasers." This fact is mentioned in the Court's Opinion[2] but not discussed at-length because it does not amount to a claim for excessive force. To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (quoting *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017)). Here, the encounter between Mr. Wade and the officers was clearly not an instance of excessive force. The officers did not use their tasers on Mr. Wade, but merely threatened their use to gain control over the situation. Nor does Mr. Wade allege that he sustained any injuries from the officers.

Even assuming Mr. Wade had a claim for excessive force, the law states that when a plaintiff brings an action against a municipality, such as the GPD, they must allege that (1) a constitutional violation occurred, and (2) that an official policy or custom was the "moving force." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Mr. Wade has not alleged that any official policy or custom was the moving force behind the officers "excessive force" against him.

Next, Plaintiffs claim the Court failed to address the fact that "Officer Jung's brother spit in Yvette Toy's face and threaten[ed] her." Contrary to Plaintiffs' claim, the Court discussed this incident at-length in its Opinion[3]. While the Court does not condone Mr. Jarvis Jung's behavior, his acts do not give rise to a *federal* claim. As explained in the Court's Opinion, the Constitution

---

[2] See page 2-3: "The officers pulled out their tasers and ordered Mr. Wade to get on the ground and place his hands behind his back."
[3] See page 2: "While handcuffed, Mr. Jarvis Jung spit in Mrs. Toy's face."

3

protects citizens such as Mrs. Toy from the misconduct of government actors *only*. It does not extend to private citizens such as Mr. Jarvis Jung, Officer Jung's brother. Because Mr. Jarvis Jung is not a government official, he is not capable of violating Mrs. Toy's constitutional rights. Thus, Mrs. Toy has no federal claim against Mr. Jarvis Jung.

Further, Mr. Wade and Mrs. Toy claim this Court failed to acknowledge their claim for "false charges." Plaintiffs state that "Officer Jung said Eric threaten[ed] to burn her house down, burst[] her windows out, [was] messing with the neighbors, and being a drunk." Plaintiffs write, "They have no proof of any of these statements. Eric was never charged with any of this." Again, these allegations do not state a constitutional violation. According to Plaintiffs, there are no charges against Mr. Wade. Without such, how can there be a claim for false charges? If Mr. Wade is unhappy about Officer Jung's statement, he should proceed in state court.

Lastly, Plaintiffs argue this Court failed to consider Mrs. Toy's arrest. Mrs. Toy was arrested on an outstanding warrant while at the police station trying to file charges against Mr. Jarvis Jung. Plaintiffs write, "[Mrs. Toy] was not allowed to press charges because she had a warrant for domestic violence in 2016 and she was found not guilty for the charges. She still wasn't able to press charges on Jung's brother. That's when they violated her rights." It is unclear whether Plaintiffs contend Mrs. Toy's rights were violated when she was arrested or when she was unable to press charges on Mr. Jarvis Jung. Regardless, her constitutional rights were not violated in either circumstance. If Mrs. Toy believes justice has yet to be served, she is still entitled to bring charges against Mr. Jarvis Jung. Her claims against him, however, have nothing to do with the case at bar.

With respect to the requested relief, Mr. Wade and Mrs. Toy assert they have not received their $2.5 million, a restraining order, or the ability to press charges on Mr. Jarvis Jung. Plaintiffs are not entitled to any relief from this Court because their case was dismissed. This Court is

separate and distinct from the County Court, Circuit Court, and Justice Court of Washington County, Mississippi. If Plaintiffs "won" their lawsuits in any of these courts, it is the duty of ***that court*** to ensure Plaintiffs receive their money. It is not the duty of ***this Court***. This Court does not have jurisdiction over state courts and will not continue entertaining frivolous filings by Plaintiffs regarding their cases in other courts.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Plaintiffs Motion for Reconsideration [24] is DISMISSED.

SO ORDERED this the 5th day of March, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI